**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID STRECK and DONNA STRECK,**

        **Plaintiffs,**          **1:04-CV-202
                                                             (GLS/DRH)**

      **v.**

**BOARD OF EDUCATION OF THE
EAST GREENBUSH CENTRAL SCHOOL
DISTRICT, ROBERT HENNIGAN,
TERRANCE L. BREWER, ROBIN
ZALOB, AMANDA BAGNATO, MICHAEL
KUZDZAL, STEPHEN PHELPS, and
DEBBIE GONYEA,**[1]

        **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| DONOHUE, SABO LAW FIRM<br>24 Aviation Road<br>Albany, New York 12212-5056 | FRED HUTCHISON, ESQ. |
| **FOR THE DEFENDANTS:** | |
| GIRVIN, FERLAZZO LAW FIRM<br>20 Corporate Woods Boulevard<br>2nd Floor<br>Albany, New York 12211-2350 | GREGG T. JOHNSON, ESQ. |

---

[1] Defendants Hennigan, Brewer, Zalob, Bagnato, Kuzdzal, Phelps, and Gonyea are sued both individually and in their official capacities.  *See Dkt. No. 1.*

**Gary L. Sharpe**
**U.S. District Judge**

## ORDER

On December 15, 2005, this court heard oral argument on defendants' motion to dismiss. *See Dkt. Nos. 31, 41*. At that hearing, the court dismissed plaintiffs' § 1983 claim and strongly encouraged the parties to settle the remainder of the above-entitled action. *See id.* Following the hearing, the parties engaged in settlement negotiations and were unable to reach an agreement. Now pending are several letter motions submitted by both parties, requesting that the court either schedule a conference or decide the remaining arguments contained in defendants' motion to dismiss. *See Dkt. Nos. 31, 45, 46, 48.*

The remainder of plaintiffs' claims[2] find their source in the Individuals with Disabilities Education Act (IDEA), the Americans with Disabilities Act (ADA), and Section 504 of the Rehabilitation Act.[3] To the extent that plaintiffs seek compensatory and punitive damages, monetary damages

---

[2] Plaintiffs' breach of contract theory fails to state a claim upon which relief can be granted because there is no indication in the complaint that a contract existed between the parties. Accordingly, plaintiffs' claim for breach of contract is dismissed.

[3] Plaintiffs' claims under the ADA and Rehabilitation Act address the alleged denial of access to an appropriate educational program on the basis of a disability. Plaintiffs' IDEA claim addresses their dissatisfaction with the content of the Individualized Education Plan provided. *See Zahran v. N.Y. Dep't of Educ.*, 306 F. Supp. 2d 204, 212-214 (N.D.N.Y. 2004).

2

are improper under the IDEA.  *See Zahran v. N.Y. Dep't of Educ.*, 306 F. Supp. 2d 204, 210 (N.D.N.Y. 2004).  However, plaintiffs are entitled to recover compensatory education under the statute.  *See id.*

The court has considered the parties' arguments, the relevant law, and the equitable considerations, as outlined by the parties in their motion papers.  *See Dkt. Nos. 31, 34, 38, 44, 45, 48.*  To the extent that plaintiffs seek compensation, the court awards judgment in favor of plaintiffs in the amount of $6,200.00,[4] representing both the just value of compensatory education and the value of plaintiffs' out-of-pocket expenses related to the independent evaluation.  *See Dkt. No. 48*.  However, in all other respects, plaintiffs' complaint is dismissed.

**WHEREFORE**, it is hereby

**ORDERED** that judgment is granted in favor of plaintiffs in the amount of $6,200.00, representing both the just value of compensatory education and the value of plaintiffs' out-of-pocket expenses related to the independent evaluation; and it is further

**ORDERED** that plaintiffs' IDEA claim is **DISMISSED**; and it is further

---

[4]$4,700.00 is just compensation and $1,500.00 is for plaintiffs' out-of-pocket expenses related to the independent evaluation.  *See Dkt. No. 48.*

**ORDERED** that the clerk close the above-entitled action; and

it is further

**ORDERED** that the clerk provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

November 29, 2006
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge