**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| **DAVID STRECK** *and* **DONNA STRECK**, | **1:04-CV-202 GLS/DRH** |
| Plaintiffs, | |
| v. | |
| **BOARD OF EDUCATION OF THE EAST GREENBUSH CENTRAL SCHOOL DISTRICT,** *et al.*, | |
| Defendants. | |

_____

**APPEARANCES:**          **OF COUNSEL:**

**FOR THE PLAINTIFFS:**

Donohue, Sabo Law Firm          FRED HUTCHISON, ESQ.
24 Aviation Road                 ALVIN O. SABO, ESQ.
Albany, NY 12212-5056

**FOR DEFENDANTS:**

Lemire, Johnson Law Firm        FRANCINE R. VERO, ESQ.
2534 Route 9                    GREGG T. JOHNSON, ESQ.
P.O. Box 2485
Malta, NY 12020

**Gary L. Sharpe
U.S. District Judge**

## MEMORANDUM, DECISION AND ORDER

### I. Introduction

Pending before the court is plaintiffs' motion for attorney's fees and costs pursuant to 42 U.S.C. § 1415(i)(3).  (*See* Dkt. No. 60.)  For the reasons that follow, the court finds the motion premature and denies it with leave to renew once the court has addressed the substance of the Circuit's remand.

## II. Background

Plaintiff David Streck was a student at the East Greenbush Central School District ("the District") from September 1988 to June 2002.  (*See* Compl. ¶ 1; Dkt. No. 1.)  In 1991, he was classified as having a learning disability and an individualized education program ("IEP") was created for him.  *Id.*  Just prior to Mr. Streck's graduation, his mother, Plaintiff Donna Streck, claimed that he had been denied a free and appropriate public education, as he was unable to read, and an administrative hearing was requested.  *Id*. at ¶¶ 70, 76.  Ultimately, a State Review Officer ("SRO") ordered the District to reimburse plaintiffs for the costs of Mr. Streck's compensatory reading program at Landmark College and for an independent evaluation.  (*See* SRO decision; Dkt. No. 60:3.)  Subsequently, the District offered payment to the Strecks in the amount of $3,200 pursuant to the SRO's order.  (*See* Pl. Ex. D; Dkt. No. 60:6.)  The

2

Strecks rejected this payment.

Thereafter, on February 26, 2004, the Strecks filed this action, asserting claims under: (1) 42 U.S.C. § 1983 for a Fourteenth Amendment violation; (2) the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*; (3) § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; (4) the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, and (5) a common law breach of contract theory. (*See generally* Compl.; Dkt. No. 1.) On defendants' 12(b)(6) motion, the court dismissed all of plaintiffs' claims, with the exception of the IDEA claim against the District. (See Dkt. Nos. 31, 41, 55.) Judgment was granted against the District on the IDEA claim in the amount of $6,200. (*See* Dkt. No. 50.) Of this award, $4,700 was determined to be the value of David Streck's compensatory education at Landmark College, while the remaining $1,500 reimbursed plaintiffs' expenses for Mr. Streck's independent examination. (*See* 11/29/06 Order at 3 n.4; Dkt. No. 49.)

Plaintiffs appealed, and on May 30, 2008, the Second Circuit found that the court's $4,700 award lacked an evidentiary basis. (*See* Dkt. No. 62.) The court's decision was otherwise affirmed, and the case was remanded solely "for a redetermination of the just value of the

3

compensatory reading education awarded by the SRO." *Id*. Despite the fact that the court has not yet addressed the Circuit's mandate, plaintiffs filed a motion for attorney's fees, consultant's fees and costs in the amount of $78,981.16 on February 9, 2009. (*See* Dkt. No. 60.) Presently, the court addresses this motion and the Circuit's instructions on remand.

### III.  Discussion

Plaintiffs contend that they should be awarded the "reasonable" fees and costs they seek because the court awarded them $3,000 dollars more than the District had offered under the SRO's decision, such that they are the "prevailing party" here. Defendants respond that this victory was so *de minimis* in light of the relief sought that the court should forego an award of attorney's fees. It is further contended that plaintiffs' motion is premature as the court has not yet addressed the Circuit's remand.

The IDEA permits district courts the discretion to award attorney fees "to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(I). The Supreme Court has indicated that a prevailing party is "one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). Stated another way, prevailing party

4

status exists where there is a "material alteration of the legal relationship of the parties" which is "judicially sanctioned." *Roberson v. Giuliani*, 346 F.3d 75, 79-80 (2d Cir. 2003) (internal citation and quotation marks omitted). However, a plaintiff does not achieve prevailing party status through a "purely technical or *de minimis*" victory. *See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989).

In light of these standards, the court declines to determine whether plaintiffs are prevailing parties entitled to fees and costs at the present juncture. The only success plaintiffs achieved in this litigation, above that offered by the District prior to the commencement of the case, was an additional $3,000 dollars in reimbursement for Mr. Streck's compensatory reading program. Assuming this victory would be sufficient to confer prevailing party status, it was nullified by the Circuit's decision on appeal. As such, the court cannot determine whether plaintiffs are prevailing parties until the value of the reading program is reassessed. If the program's value is found to be $43,830.70, as plaintiffs contend, their status as a prevailing party would certainly be more tenable. If, however, the program were to be valued at, say- a bag of licorice jelly beans, an award of

5

attorney's fees would seem unlikely.[1]  Thus, the court finds plaintiffs' motion for fees and costs premature, and denies it with leave to renew.

This brings us to the substance of the Circuit's remand.  The court finds it unnecessary to hold a hearing on the value of plaintiffs' compensatory reading program.  Rather, the parties are instructed to file briefs not to exceed six (6) pages and whatever evidence they have addressing the value of the program within thirty (30) days of the date of this order.  The court also requests that the parties indicate in their briefs the status of the District's prior $6,200 payment to plaintiffs.  (See Dkt. No. 51.)  The court will then determine the value of the program, after which plaintiffs can decide whether to renew their motion for fees and costs.

### IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that plaintiffs' motion for attorney's fees is denied with leave to renew; and it is further

**ORDERED** that parties are instructed to file briefs not to exceed six (6) pages and whatever evidence they have addressing the value of Mr.

---

[1] In either event, plaintiffs' request for nearly $80,000 in fees and costs appears somewhat fanciful, given that the results obtained in the case are a critical factor in determining a reasonable fee award.  *See Farrar v. Hobby*, 506 U.S. 103, 114 (1992).

6

Streck's compensatory reading program within thirty (30) days of the date of this order, which briefing shall also address the status of the District's prior payment to plaintiffs; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

Albany, New York
Dated: May 14, 2009

                                                               United States District Court Judge