**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| **DAVID STRECK** *and* **DONNA STRECK,** | **1:04-CV-202**<br>**GLS/DRH** |
|                 **Plaintiffs,** | |
|                 v. | |
| **BOARD OF EDUCATION OF THE EAST GREENBUSH CENTRAL SCHOOL DISTRICT,** *et al.*, | |
|                 **Defendants.** | |

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Donohue, Sabo Law Firm<br>24 Aviation Road<br>Albany, NY 12212-5056 | FRED HUTCHISON, ESQ.<br>ALVIN O. SABO, ESQ. |
| **FOR DEFENDANTS:** | |
| Lemire, Johnson Law Firm<br>2534 Route 9<br>P.O. Box 2485<br>Malta, NY 12020 | FRANCINE R. VERO, ESQ.<br>GREGG T. JOHNSON, ESQ. |

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM, DECISION AND ORDER

### I. Introduction

On remand from the Second Circuit, the court addresses the just value of plaintiff David Streck's compensatory reading program award. After consideration of the parties arguments and evidentiary submissions, the court awards plaintiffs $8,640.00 in reimbursement for Mr. Streck's compensatory reading program and independent neuropsychological evaluation

## II. **Background**

Mr. Streck was a student at the East Greenbush Central School District (the "School District") from September 1988 to June 2002. (*See* Compl. ¶ 1; Dkt. No. 1.) In 1991, he was classified as having a learning disability and an individualized education program was created for him. *Id.* Just prior to Mr. Streck's graduation, his mother, Plaintiff Donna Streck, claimed that he had been denied a free and appropriate public education ("FAPE") - as he was unable to read - and an administrative hearing was requested. *Id.* at ¶¶ 70, 76.

On October 29, 2003, a State Review Officer ("SRO"): (1) found that Mr. Streck had been denied a FAPE; (2) ordered "that the district provide the student with compensatory education in the form of reimbursement for the projected cost of [his] reading program as it is implemented at the

2

Landmark College;" (3) denied reimbursement for "tuition, room and board, travel," and all other "required fees and expenses ... except to the extent that such costs and/or fees are specifically associated with the implementation of the reading program;" (4) ordered that if Mr. Streck "chooses to avail himself of a reading program other than the program offered at Landmark College, the district is only required to provide reimbursement in an amount equal to or less than the cost of the reading program at Landmark College;" (5) ordered "that the district's obligation to provide the student with compensatory education shall last no more than three years;" and (6) granted plaintiffs reimbursement for the costs of Mr. Streck's independent neuropsychological evaluation  (*See* SRO decision; Dkt. No. 60:3.)  Subsequently, the School District offered payment to the Strecks in the amount of $3,200 pursuant to the SRO's order.  (*See* Pl. Ex. D; Dkt. No. 60:6.)  The Strecks rejected this payment.

Thereafter, on February 26, 2004, the Strecks filed this action, asserting claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, and various other state and federal laws.  (*See generally* Compl.; Dkt. No. 1.)  On defendants' 12(b)(6) motion, the court dismissed all of plaintiffs' claims, with the exception of the IDEA

3

claim against the School District.  (See Dkt. Nos. 31, 41, 55.)  Judgment was granted against the School District on the IDEA claim in the amount of $6,200.  (*See* Dkt. No. 50.)  Of this award, $4,700 was determined to be the value of David Streck's compensatory education at Landmark College, while the remaining $1,500 reimbursed plaintiffs' expenses for Mr. Streck's independent examination.  (*See* 11/29/06 Order at 3 n.4; Dkt. No. 49.)  Plaintiffs appealed,[1] and on May 30, 2008, the Second Circuit found that the court's $4,700 award lacked an evidentiary basis.  (*See* Dkt. No. 62.)  The court's decision was otherwise affirmed, and the case was remanded solely "for a redetermination of the just value of the compensatory reading education awarded by the SRO."  *Id*.  The court addresses this issue presently.

## III.  Discussion

Plaintiffs contend that they should be awarded $150,230.70 as the just value of the compensatory reading program at Landmark College.  (See Pl. Br. at 4, 6; Dkt. No. 81.)  This request represents $34,000 in tuition at Landmark for the 2002-2003 school year; $5,500 in room and board at

---

[1]The School District's check for the $6,200 award was returned by the plaintiffs upon their appeal.

4

Landmark; $2,125 for a laptop computer and software fee at Landmark; $2,205.70 for other costs and expenses at Landmark; and $106,400 for two years of prospective education at the Total Learning Centers.  *See id.* at 1-6.  The court finds this request to be grossly excessive.

First, as to the 2002-2003 tuition at Landmark, a cursory review of Mr. Streck's curriculum reveals that only three of his nine[2] courses  - a reading tutorial, RS091 and CP101 - specifically focused on the development of reading skills.  (See David Streck Aff. ¶ 6; Dkt. No. 79:1, Ex. A to David Streck Aff.; Dkt. No. 79:2, Ex. B to David Streck Aff.; Dkt. No. 79:3.) Nonetheless, plaintiffs contend reimbursement for the entire $34,000 tuition is appropriate because Landmark and its entire curriculum are specifically designed for students with dyslexia and dysgraphia disabilities like Mr. Streck.  (See Pl. Br. at 2-3; Dkt. No. 81.)  Be that as it may, the School District is required to pay for a compensatory reading program, not a comprehensive college education targeting Mr. Streck's disability. Additionally, as the School District notes, plaintiffs have conveniently failed to mention that approximately 37% of Mr. Streck's tuition at Landmark

---

[2] It is unclear to the court whether Mr. Streck had a reading tutorial in both the Fall and Spring semesters.  If so he actually had ten classes.

appears to have been covered by grants, scholarships and other financial aid.  (See Ex B to Donna Streck Aff.; Dkt. No. 80:3.)  Accordingly, the court will award plaintiffs tuition reimbursement for 63% of the pro-rated cost of Mr. Streck's three reading specific classes at Landmark, for a total of $7,140 ($34,000 / 3 x .63).

As for plaintiffs' attempt to gain reimbursement for room and board, a laptop computer and other expenses at Landmark, (see Pl. Br. at 3-4; Dkt. No. 81.), the court declines to grant such an award.  It is true that all of these expenses, with the exception of room and board, appear to have been necessarily incurred by students at Landmark.  However, the court is not convinced that such expenses were "specifically associated with the implementation of the reading program," as opposed to the Landmark education in general.  As such, they will not be reimbursed.

Additionally, the court declines to award plaintiffs the $106,400 they seek for two years of anticipated tuition at the Total Learning Centers, (see Pl. Br. at 4-6; Dkt. No. 81.), as it is well settled that the IDEA allows parents to recover only actual, not anticipated, expenses for private school tuition and related expenses.  *See, e.g., Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 32-33 (1st Cir. 2006); *Emery v. Roanoke City Sch. Bd.,* 432 F.3d 294,

6

298-300 (4th Cir. 2005). As such, plaintiffs are not now entitled to reimbursement for the remaining two years of Mr. Streck's compensatory reading program.

Finally, the plaintiffs are entitled to $1,500 for Mr. Streck's independent neuropsychological evaluation. (See Ex C to Donna Streck Aff.; Dkt. No. 80:4.) Accordingly, plaintiffs are awarded $8,640.00 in reimbursement.

## IV. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that plaintiffs are awarded $8,640.00 in reimbursement for Mr. Streck's compensatory reading program and independent neuropsychological evaluation; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

Albany, New York
Dated: July 16, 2009

*Gary L. Sharpe*
United States District Court Judge